## Ex Parte Gastón.

Apelación procedente de la Corte de Distrito de Ponce.

No. 16.　Resuelto en Abril 24, 1905.

Habeas Corpus.—Falta de jurisdicción.—Errores fundamentales.—Para que proceda la excarcelación de un prisionero en un procedimiento de habeas corpus, es necesario que se alegue la·falta de jurisdicción del Tribunal sentenciador, ó errores fundamentales que vicien de nulidad la sentencia dictada contra él.

Id.—Falta de señalamiento previo para la celebración del juicio.—La circunstancia de que el juicio de una causa se celebrara sin habersa señalado previamente, no es motivo suficiente para viciar de nulidad la sentencia recaída y hacer procedente la excarcelación del acusado en un procedimiento de habeas corpus.

Id.—Lectura de la denuncia.—Celebración del juicio.—Si el acusado hubiere estado presente al darse lectura á la denuncia, y al celebrarse el juicio oral, no podrá alegar después, como fundamento de una petición de habeas corpus, que no se le informó del cargo formulado contra él y que no fué citado para juicio.

Regularidad de los procedimientos de las Cortes Municipales.—Las Cortes Municipales no son Cortes de Registro, y los asientos de radicación de las causas seguidas ante las mismas, son suficientes para establecer *prima facie* la corrección de sus procedimientos, siendo de la incumbencia de la parte que los impugne, probar su irregularidad.

Los hechos están expresados en la opinión.

Abógado del apelante: *Sr. Llorens Torres.*

Abogado del Pueblo: *Sr. Rossy,* Fiscal.

El Juez Asociado Sr. MacLeary, emitió la siguiente opinión del Tribunal.

El apelante en el presente caso fué convicto por la Corte Municipal de Ponce del delito de alteración de·la paz pública, y condenado á la pena de tres meses de Cárcel y al pago de una multa de doscientos dollars. Dicha sentencia fué dictada. el día 17 de Enero de 1905. ·El día 13 de Marzo siguiente hizo solicitud al Juez de Distrito de Ponce para el auto de habeas corpus, alegando varias irregularidades en los procedimientos por los cuales fué convicto, pero no alegó nada que demostrase algún error fundamental, ó falta de jurisdicción. Se expidió el auto de habeas corpus y el día 17 de Marzo el Hon. José Tous Soto dictó la siguiente sentencia:

"Vista en el dia 14 de Marzo de 1905 esta petición de habeas corpus; visto el mandamiento diligenciado por el Alcaide de la

Cárcel de esta Ciudad, presentando el preso en persona; oidas las pruebas ofrecidas por las partes, y los argumentos de éstas, el Pueblo de Puerto Rico por su Fiscal y el acusado por su abogado Don Luis Llorens.

Por cuanto: apareciendo de las diligencias del Juez Municipal y de lo expuesto en el párrafo II de esta petición que el juicio contra el acusado que originó su actual prisión, se celebró en forma legal, no es bastante la falta de señalamiento prévio de dicho juicio para viciar de nulidad la sentencia recaida, ya que el acusado pudo solicitar la suspensión del mismo para tener una oportunidad de presentar ó de que se citaran judicialmente sus testigos, y sin embargo no hizó uso de este derecho.

Por cuanto: habiéndose leido al acusado la denuncia según declaración del Secretario de la Corte Municipal, y asistido ademas al acto de la investigación prévia, firmando el acta que se extendió al efecto, á pesar de no requerirse esta formalidad por la ley, no puede alegar con éxito que el Juez no le enteró de la denuncia y de las demas circunstancias que determina el artículo 24 reformado del Código de Enjuiciamiento Criminal.

Por cuanto: habiendo estado presente el acusado en el juicio carece de fuerza la alegación de que no se le citó para dicho acto.

Por cuanto: la alegación de no constar en el acta del juicio que se extendió por el Juez que los testigos declararan bajo juramento, no es de tenerse en cuenta porque no siendo la Corte Municipal una Corte de Record era innecesaria el acta del Juicio, bastando los asientos correspondientes en el docket para establecer prima facie la corrección de todos los procedimientos, siendo de la incumbencia del acusado probar lo contrario, y á mayor abundamiento el Secretario de la Corte Municipal declara que los testigos fueron examinados bajo juramento.

Por tanto, la Corte es de opinión:

Que los fundamentos de esta petición de habeas corpus, no son bastantes para estimar ilegal la prisión de Andrés Gaston Guilbe ó Andres Guilbe, y en consecuencia desestima dicha petición debiendo el preso continuar bajo su actual custodia."

En la sentencia que antecede se consigna la ley aplicable á casos de esta índole y nosotros no podríamos hacer mejor que adoptarla como nuestra opinión; y por las razones expresadas en la misma, debe confirmarse la sentencia de la Corte de Distrito debiendo ponerse al preso

nuevamente bajo la custodia del Alcaide para cumplir su condena.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.